

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50096 | **DATE** | 6/11/2002 |
| **CASE TITLE** | MARKHAM vs. VANCURA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, this cause is hereby remanded to the Circuit Court of Winnebago County, Illinois. Costs and attorney fees relating to the removal are denied. The court lacks jurisdiction to consider defendants amended motion to strike or dismiss.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | JUN 1 1 2002 | 15 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 6-11-02 | |
| X | Copy to judge/magistrate judge. | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Harriet Markham ("Markham") brought suit, both individually and as the Special Administrator of the Estate of Margaret Markham, in the Circuit Court of Winnebago County, against defendants Darrin L. Vancura ("Vancura") and Goodall Oil Company ("Goodall"). Plaintiff brought five counts against defendants, Counts I through III alleging the wrongful death of Margaret Markham, against both defendants, and Counts IV and V alleging a survival action on behalf of the next of kin, against both defendants. On March 12, 2002, defendants removed the case asserting diversity of citizenship. 28 U.S.C. § 1332. Two motions are presently before this court. Markham has filed a motion to remand, and defendants have filed an amended motion to strike or dismiss Counts III and IV of the complaint.

This court will first consider the motion to remand. Both parties agree that Markham is a citizen of Illinois, and that Goodall is a Wisconsin corporation. The dispute exists as to the citizenship of Vancura. Defendants allege that Vancura is a citizen of Florida. Markham, on the other hand, argues that Vancura is a citizen of Illinois, thus defeating diversity jurisdiction.

Removal from state court is permitted only if federal jurisdiction existed at the time of removal. 28 U.S.C. § 1441(a). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 979 (7th Cir. 2000); see also NFLC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir. 1995). Defendants must meet their burden by supporting their allegation of jurisdiction with competent proof, Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)) which in the Seventh Circuit requires defendants to offer evidence that shows a reasonable probability that jurisdiction exists. Id. Courts should "interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe v. Allied-Signal, 985 F.2d 908, 911 (7th Cir. 1993).

Citizenship is determined by one's domicile. Dausche v. Ryske, 9 F.3d 1244, 1245 (7th Cir. 1993). Domicile depends upon two factors: residence and the intent to reside indefinitely in a particular place. Texas v. Florida, 306 U.S. 398, 424 (1938). Although residence can be easily established by physical presence, a person's intent must be determined by outside evidence. United States v. Scott, 472 F. Supp 1073, 1079 (N.D. Ill. 1979). Generally, where a person resides, where he owns a home, and where his family and personal belongings are located are relevant in determining the person's intent to remain in a particular location. Id. A party's declarations of where he intends to establish his permanent residence are significant, but these declarations must be carefully weighed against any self-serving motives. District of Columbia v. Murphy, 314 U.S. 441, 456 (1941).

In the present matter, Vancura owns a home in Illinois, where his wife lives. The residence of a spouse and other family members is a highly persuasive indication of the place intended as a permanent home. Scott, 472 F. Supp. at 1079. Though Vancura asserts in his affidavit that he and his wife are separated, the court received no evidence from defendants regarding a separation or divorce. Vancura also has a vehicle registered in Illinois, and has a Commercial Driver's License ("CDL") issued by Illinois on September 13, 2001. Defendants assert that Vancura possesses a Florida CDL. The Florida license, however, was issued on February 13, 2001, seven months before the issuance of the Illinois CDL. Illinois law provides that "[n]o person shall be issued an original or renewal CDL unless that person is domiciled in this State." 625 ILCS 5/6-508 (West 2002). Although Vancura claims that he moved to Florida in late 2001, the fact that he was required to certify his domicile in Illinois when receiving his CDL in September of 2001 negates his assertion.

Vancura asserts that he has lived with his parents in Florida since late 2001. He has also been employed in Florida from January 1, 2002, until the time of removal. He has a second vehicle that is registered in Florida. Lastly, Vancura has a bank account in Florida, although the evidence submitted to this court indicates that the account had been opened very recently. Though the competing evidence is close in this case, this court finds that Vancura was domiciled in Illinois when this action was removed to federal court.

Although not briefed by the parties, this court also notes that the amount in controversy does not reach $75,000, as is required for diversity jurisdiction to apply. Local Rule 81.2 mandates that when a defendant seeks to remove an action from an Illinois state court based on diversity, and where the complaint does not allege an amount exceeding the jurisdictional amount in controversy in the prayer for relief, the defendant must include two items in the petition for removal. N.D. Ill. R. 81.2(a). First, the defendant must submit a statement by all defendants that a good faith belief exists that the amount in controversy exceeds the jurisdictional amount. N.D. Ill. R. 81.2(a)(1). Second, the defendant must include a response to an interrogatory, an admission, or a showing of deemed admission by the plaintiff that the damages sought are indeed in excess of $75,000, or that plaintiff declines to agree damages will not exceed $75,000. N.D. Ill. R. 81.2(a).

Defendants properly included a statement in the petition for removal that they believe the amount in controversy exceeds $75,000. They also assert they served upon plaintiff a request to admit the same. Defendants neglected, however, to include an admission by plaintiff responding to the request to admit or to make a showing of deemed admission. When a defendant fails to comply with these requirements, the action is subject to remand for failure to establish a basis of federal jurisdiction. Id. Accordingly, the case will be remanded for lack of subject matter jurisdiction. The court therefore lacks jurisdiction to consider defendants' amended motion to strike or dismiss.

Lastly, Markham requests, in her motion to remand, that she be awarded just costs and actual expenses, including attorney fees, incurred as a result of improper removal, pursuant to 28 U.S.C. § 1447(c). An award of fees and costs in accordance with 28 U.S.C. § 1447(c) is discretionary. Katonah v. USAir, Inc., 876 F. Supp. 984, 990 (N.D. Ill. 1995). The court may exercise its discretion based upon the propriety of the removal. Id. Because this case involved a valid jurisdictional question, costs and attorney fees are not warranted. See Castellanos v. U.S. Long Distance Corp., 928 F. Supp. 753, 757 (N.D. Ill. 1996).

For the foregoing reasons, this cause is hereby remanded to the Circuit Court of Winnebago County, Illinois. Costs and attorney fees relating to the removal are denied.